**ORAL ARGUMENT NOT YET SCHEDULED**

**No. 26-1168 (and consolidated cases)**

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

HEATING, AIR CONDITIONING & REFRIGERATION DISTRIBUTORS INTERNATIONAL, et al.,
*Petitioners*,

*v.*

U.S. ENVIRONMENTAL PROTECTION AGENCY AND LEE M. ZELDIN, in his official capacity as ADMINISTRATOR OF THE U.S. ENVIRONMENTAL PROTECTION AGENCY,
*Respondents.*

On Petition for Review of Final Agency Action
of the United States Environmental Protection Agency

# MOTION OF FOOD MARKETPLACE, INC., AMERICAN FROZEN FOOD INSTITUTE, NATIONAL GROCERS ASSOCIATION, AND RETAIL LITIGATION CENTER FOR LEAVE TO INTERVENE AS RESPONDENTS

Pursuant to Federal Rules of Appellate Procedure 15(d) and 27 and Circuit Rules 15(b) and 27, Food Marketplace, Inc., d/b/a FMI, The Food Industry Association ("FMI"), American Frozen Food Institute ("AFFI"), National Grocers Association ("NGA"), and Retail Litigation Center ("RLC") (collectively, "Movant-Intervenors") respectfully move for leave

to intervene as respondents in these consolidated petitions for review to defend the final rule promulgated by the U.S. Environmental Protection Agency ("EPA" or "Agency") titled "Phasedown of Hydrofluorocarbons: Reconsideration of Certain Regulatory Requirements Promulgated Under the Technology Transitions Provisions of the American Innovation and Manufacturing Act of 2020," 91 Fed. Reg. 31,284 (May 26, 2026) ("Final Rule"). Movant-Intervenors seek the same ultimate relief as the Federal Respondents—denial of the petitions and preservation of the Final Rule—because vacatur or remand of the challenged provisions would eliminate compliance flexibility on which their members rely.

Movant-Intervenors are trade associations whose members share a need for continuous and reliable refrigeration, cold-chain operations, and HVAC equipment. FMI represents members across the food value chain, including grocery stores, producers, and companies providing support services. AFFI represents the frozen-food industry, including processors, retailers, suppliers, and distributors, and its members include farmers, fruit and vegetable growers, and makers of prepared meals. NGA represents independent community grocers and the wholesale distributors that serve them. RLC is a membership-based trade

association that serves as the voice of the retail industry in the courts, and its members include grocery stores and supermarkets.

The motion should be granted because Movant-Intervenors satisfy Rule 15(d) and the Rule 24 principles that inform intervention in petitions for review. The motion is timely because it is filed within 30 days after the first petition for review and before the July 27 deadline the Court set for procedural motions, Dkt. No. 2180476. Movant-Intervenors have a significant interest in defending the Final Rule because it directly regulates their members, and those members have a strong interest in the Final Rule's deadline extensions that Petitioners challenge. Those interests would be impaired if Petitioners obtained vacatur of the Final Rule. Finally, the Federal Respondents and other putative intervenors will not adequately protect the business and reliance interests of Movant-Intervenors' members.

Pursuant to Circuit Rule 27(a)(5), counsel sought the positions of Petitioners and Respondents on this motion. Petitioner National Resources Defense Council; State and Local Government Petitioners; Petitioner Air-Conditioning, Heating, and Refrigeration Institute; and Petitioner Alliance for Responsible Atmospheric Policy all take no

position. Petitioner Heating, Air-Conditioning & Refrigeration Distributors International, the Plumbing-Heating-Cooling Contractors—National Association, and Petitioner Air Conditioning Contractors of America Association, Inc. did not respond by the time of filing. Respondents reserve taking a position until after they have seen the motion.

## BACKGROUND

In 2020, Congress enacted the American Innovation and Manufacturing Act of 2020 (the "AIM Act"). Pub. L. No. 116-260, Div. S, § 103, 134 Stat. 2255 (codified at 42 U.S.C. § 7675). The AIM Act directs EPA to phase down HFC production and consumption, *Id.* § 7675(e)(3)(A), and separately authorizes EPA to restrict—"fully, partially, or on a graduated schedule"—the use of regulated substances in particular sectors or subsectors, *id.* § 7675(i). In exercising that technology-transitions authority, EPA must consider the best available data, the availability of substitutes, overall economic costs and environmental impacts, and the remaining phasedown period for regulated substances. In October 2023, EPA promulgated a final rule under the AIM Act restricting new HFC-based equipment in a variety of

sectors and subsectors, including retail food refrigeration, cold storage warehouse systems, and residential and light commercial air conditioning and heat pump systems ("HVAC"). 88 Fed. Reg. 73,098 (Oct. 24, 2023) ("2023 Rule").

The 2023 Rule prohibited the import, domestic manufacture, or installation of certain refrigeration, air-conditioning, and heat-pump equipment that used HFCs with a global-warming potential ("GWP") at or above 150 or 300 units (depending on the amount of refrigeration charge in a given system). *Id.* at 73,149, 73,162. As relevant here, the 2023 Rule set compliance dates of January 1, 2027, for supermarkets; January 1, 2026, for retail food remote condensing units and cold storage warehouses; and January 1, 2025, for residential and light commercial HVAC systems. *Id.* at 73,150, 73,162, 73,178.

Three of Movant-Intervenors (FMI, AFFI, and NGA) filed a petition for review in this Court challenging the 2023 Rule. *Food Marketplace, Inc., et al. v. EPA, et al.*, No. 23-1347 (D.C. Cir. filed Dec. 26, 2023). The case was fully briefed and argued. But before a decision issued, EPA moved on February 7, 2025, to hold the case in abeyance to give EPA time to brief new administration officials on the 2023 Rule and the issues

involved in the case. Unopposed Mot. To Hold Case in Abeyance, *Food Marketplace, Inc., et al. v. EPA, et al.*, No. 23-1347 (D.C. Cir. Feb. 7, 2025), Dkt. No. 2099636. This Court granted the motion, and the case remains in abeyance. Order, *Food Marketplace, Inc., et al. v. EPA, et al.*, No. 23-1347 (D.C. Cir. Feb. 25, 2025), Dkt. No. 2102542.

Movant-Intervenors FMI and NGA, as well as other industry participants, then asked EPA to reconsider the 2023 Rule and extend the deadlines for compliance, explaining that those deadlines are unachievable and impose significant costs on the food industry.[1] In response, EPA proposed to reconsider certain regulatory requirements of the 2023 Rule. "Phasedown of Hydrofluorocarbons: Reconsideration of Certain Regulatory Requirements Promulgated Under the Technology Transitions Provisions of the American Innovation and Manufacturing Act of 2020," 90 Fed. Reg. 47,999 (Oct. 3, 2025). FMI and NGA, as well as

[1] Letter from Leslie G. Sarasin, President & Chief Executive Officer, FMI, to The Hon. Lee Zeldin, Adm'r, U.S. EPA (undated), EPA-HQ-OAR-2025-0005-0007_attachment_1; Emails between Cynthia Newberg, Dir., Stratospheric Prot. Div., U.S. EPA, et al. and Matthew Z. Leopold, Hunton et al. (Apr. 22, 24, 2025), EPA-HQ-OAR-2025-0005-0007_attachment_3; EPA, Petitions for Reconsideration and Judicial Review Under the AIM Act, https://www.epa.gov/hfcs/petitions-reconsideration-and-judicial-review-under-aim-act (last visited July 23, 2026).

other industry participants, filed a comment letter supporting EPA's reconsideration, including a comprehensive report showing the costs of the onerous deadlines in the 2023 Rule on Movant-Intervenors' members.[2]

The report included numerous specific costs. For example, it found that the incremental capital costs of installing a system compliant with the 2023 Rule on the average-sized grocery store, including Movant-Intervenors' members, would be $1.7 million.[3] The report also found the average-sized store's annual net income would decrease by 22% if compliance with the 2023 Rule were required. *Id.* at 11. For the smallest stores, annual net income could decrease by 33%. *Id.* And the high capital costs and reduced income that would be caused by the 2023 Rule could, in turn, force many stores, including Movant-Intervenors' members, to close. *Id.* at 12.

On May 26, 2026, EPA finalized the proposal. 91 Fed. Reg. 31,284. The Final Rule creates a graduated schedule under which supermarket

---

[2] FMI et al. Comments (Nov. 21, 2025), EPA-HQ-OAR-2025-0005-0511.

[3] FMI et al. Comments, Ex. A, Charles Gibbons & Cameron Meakin, Brattle, *HFC Transition in The Grocery Industry* at 5 (June 13, 2025), EPA-HQ-OAR-2025-0005-0511.

systems and retail food remote condensing units may use refrigerants with a GWP below 1,400 until January 1, 2032; cold storage warehouses may use refrigerants with a GWP below 700 until January 1, 2032; and the 150-or-300 GWP limits will apply beginning in 2032. *Id.* at 31,286, 31,331–32. The Final Rule also removes the installation deadline for residential and light commercial air-conditioning and heat-pump systems where all specified components were domestically manufactured or imported before January 1, 2025. *Id.*

Four petitions challenging the Final Rule have been filed. On June 24, 2026, Heating, Air-Conditioning & Refrigeration Distributors International, the Plumbing-Heating-Cooling Contractors—National Association, and Air Conditioning Contractors of America Association, Inc. filed a petition docketed as Case No. 26-1168. Dkt. No. 2180473. On June 25, 2026, the Air-Conditioning, Heating, and Refrigeration Institute and the Alliance for Responsible Atmospheric Policy filed a petition docketed as Case No. 26-1174. Dkt. No. 2180840. On July 20, 2026, the Natural Resources Defense Council filed a petition docketed as Case No. 26-1188. Dkt. No. 2184066. And on July 21, 2026, the Commonwealth of Massachusetts, State of California, State of

Washington, State of Colorado, District of Columbia, State of Delaware, State of Hawaii, State of Illinois, State of Maine, State of Maryland, State of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New York, City of New York, New York, State of Oregon, State of Rhode Island, State of Vermont, and State of Wisconsin filed a petition docketed as Case No. 26-1193. Dkt. No. 2184683. The cases were subsequently consolidated. Dkt. Nos. 2180844, 2184072, 2184689.

On July 16, 2026, ALTA Refrigeration, Inc. and the Coalition for the Use of Safe and Efficient Refrigerants moved for leave to intervene as respondents in Case No. 26-1168 to defend the Final Rule's provisions regarding cold storage. Dkt. No. 2183668.

This motion followed.

## STANDARD OF REVIEW

Federal Rule of Appellate Procedure 15(d), which governs intervention in petition for review proceedings, provides that a motion for leave to intervene "must be filed within 30 days after the petition for review is filed and must contain a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d).

The principles that govern district court intervention under Federal Rule of Civil Procedure 24 may inform the intervention inquiry under Federal Rule of Appellate Procedure 15(d). *Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. Scofield*, 382 U.S. 205, 216 n.10 (1965); *Amalgamated Transit Union Int'l, AFL-CIO v. Donovan*, 771 F.2d 1551, 1553 n.3 (D.C. Cir. 1985) (per curiam). Under Rule 24(a)(2), intervention is warranted where the motion is timely, the movant claims an interest relating to the subject of the action, and disposition of the action may as a practical matter impair or impede the applicant's ability to protect the applicant's interest. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003), *abrogated on other grounds by Institutional S'holder Servs., Inc. v. Sec. & Exch. Comm'n*, 142 F.4th 757 (D.C. Cir. 2025).

The Supreme Court has recognized that intervenors seeking relief broader than or different from relief sought by the existing parties must have standing, *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 440 (2017), but intervenors that seek the same relief sought by at least one existing party need not do so, *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n.6 (2020). This Court has

noted, however, that such "distinction is in tension with some of [this C]ourt's precedent requiring an intervenor to demonstrate Article III standing even if pursuing the same relief as an existing party." *Institutional S'holder Servs., Inc.*, 142 F.4th at 764 n.3; *see Clean Air Council v. Env't Prot. Agency*, No. 25-1163, 2026 WL 2066189, at *3 n.3 (D.C. Cir. July 17, 2026); *IGas Holdings, Inc. v. EPA*, 146 F.4th 1126, 1135 n.2 (D.C. Cir. 2025).

## ARGUMENT

Movant-Intervenors meet the standard for intervention. This motion is timely; Movant-Intervenors have significant protectable interests that would be impaired by Petitioners' requested relief; and neither the existing Federal Respondents nor the other putative intervenors will adequately protect those interests.

### I. This motion is timely.

First, Movant-Intervenors meet the timeliness requirement. This motion was filed within 30 days after the first petition for review was filed on June 24, 2026, as required under Federal Rule of Appellate Procedure 15(d). It was also filed before the July 27th deadline that the Court set for procedural motions in this case. Dkt. No. 2180476.

## II. Movant-Intervenors have significant protectable interests that will be impaired if Petitioners succeed in this litigation.

Movant-Intervenors have significantly protectable interests that would be impaired by Petitioners' challenge to the Final Rule. Their members are regulated entities and market participants who rely on the Final Rule's compliance flexibility when planning refrigeration, cold-chain, and HVAC investments.

For intervention of right, prospective intervenors must show a "'significantly protectable interest.'" *S. Christian Leadership Conf. v. Kelley*, 747 F.2d 777, 779 (D.C. Cir. 1984) (per curiam) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). That standard is flexible and "'is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Cook v. Boorstin*, 763 F.2d 1462, 1466 (D.C. Cir. 1985) (citation omitted).

There are many ways in which a party may show a significantly protectable interest in a regulation. For example, where parties are the direct object of a government regulation, "there is ordinarily little question that the action or inaction has caused [them] injury." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561–62 (1992); *see also Clean Air Council*,

2026 WL 2066189, at *3 n.3 (finding industry plaintiffs have standing to intervene because they are "directly regulated" by the rule). A proposed intervenor also shows a legally protectable interest where it stands to "gain or lose by the direct legal operation and effect of the judgment." *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1292 (D.C. Cir. 1980) (internal quotation marks and citation omitted). That includes where the regulated entity benefits from an agency regulation. As this Court has explained, "[t]he 'threatened loss' of [a] favorable action [by an agency] constitutes a 'concrete and imminent injury'" justifying intervention of right. Order, *New York v. EPA*, No. 17-1273 (D.C. Cir. Mar. 14, 2018), Dkt. No. 1722115 (quoting *Fund for Animals*, 322 F.3d at 733).

Movant-Intervenors have a significantly protectable interest for all these reasons. The 2023 Rule imposed substantial and costly regulatory burdens on their members, particularly those members that purchase, install, and maintain refrigeration and related equipment regulated by the Final Rule. NGA Decl. ¶¶ 6–7; FMI Decl.¶ 5; AFFI Decl. ¶¶ 7–8; RLC Decl. ¶ 6. Those same members are now the beneficiaries of the Final Rule, which delays the deadlines by which members' new or significantly modified refrigeration systems must meet the stringent GWP limits set

by the 2023 Rule, significantly reducing compliance costs. If Petitioners succeed in this case, it would impair the interests of Movant-Intervenors' members in the benefit of the delayed compliance deadlines. It would require members to install new systems or significantly modify existing ones, incurring significant costs to meet the 2023 Rule's low GWP thresholds. Petitioners' request that this Court vacate or remand those deadlines would accordingly injure Movant-Intervenors' members by eliminating the compliance flexibility EPA granted. AFFI Decl. ¶ 8; FMI Decl. ¶ 7; NGA Decl. ¶ 8; RLC Decl. ¶ 7. That gives Movant-Intervenors a significant, legally protectable interest in defending the Final Rule.

For the same reasons, Movant-Intervenors also have Article III standing. The Supreme Court has held that Article III standing is not necessary where, as here, intervenors seek the same relief as an existing party. *Little Sisters of the Poor*, 591 U.S. at 674 n.6. Some of this Court's precedents are "in tension" with this holding. *See Institutional S'holder Servs., Inc.*, 142 F.4th at 764 n.3. The Court need not resolve that tension in this case because Movant-Intervenors satisfy Article III standing in any event.

Article III standing requires (1) "an 'injury in fact'—an invasion of a legally protected interests which is . . . concrete and particularized . . . and . . . 'actual or imminent'"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 560–61 (citations omitted). An association has standing to sue on behalf of its members when its members would otherwise have standing in their own right, the interests at stake are germane to the association's purpose, and neither the claim asserted nor the relief requested requires participation of individual members. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

Those requirements are satisfied here. Movant-Intervenors' members would have standing because they face concrete compliance costs if the challenged provisions are vacated; defending reasonable compliance schedules for refrigeration, cold-chain, and retail operations is germane to Movant-Intervenors' organizational purposes; and this petition-for-review proceeding raises legal questions about the Final Rule, not individualized damages claims requiring member participation.

This Court has held that "a sufficient injury in fact [exists] where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit." *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 317 (D.C. Cir. 2015), *abrogated on other grounds by Institutional S'holder Servs., Inc. v. Sec. & Exch. Comm'n*, 142 F.4th 757 (D.C. Cir. 2025). That is the case here. Movant-Intervenors requested that EPA delay the compliance deadlines in the 2023 Rule, and EPA granted meaningful compliance flexibility in the Final Rule. Petitioners challenge that action, and an unfavorable decision would impair Movant-Intervenors' members' interests. If Petitioners succeed in their request to vacate the Final Rule, Movant-Intervenors' members will again become subject to the onerous compliance deadlines set forth in the 2023 Rule, imposing significant compliance costs on an accelerated timeline. AFFI Decl. ¶ 8; FMI Decl. ¶ 7; NGA Decl. ¶ 8; RLC Decl. ¶ 7. These concrete injuries suffice for Article III standing.

## III. The existing parties cannot adequately protect Movant-Intervenors' interests.

Movant-Intervenors also meet the third requirement for intervention: their interest is not "adequately represent[ed]" by "existing

parties." Fed. R. Civ. P. 24(a)(2). The Supreme Court has explained that this "requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). This requirement is "not onerous." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). And a movant "'ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee.'" *Am. Tel. & Tel. Co.*, 642 F.2d at 1293 (citation omitted).

Movant-Intervenors meet this standard because the Federal Respondents may not adequately represent Movant-Intervenors' members' business, reliance, and financial interests in the Final Rule. This Circuit has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals*, 322 F.3d at 736 & n.9 (collecting cases); *see also Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011) ("the government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group" notwithstanding that "'both entities occupy the same posture in the

litigation.'") (citation omitted). Although Movant-Intervenors and EPA currently agree that the Final Rule is lawful, EPA's obligation to the general public as a government agency differs from Movant-Intervenors' interest in protecting their members' food-industry and retail operations from unnecessarily burdensome compliance costs. Thus, EPA cannot be counted upon to defend fully the aspects of the Final Rule that are most important to Movant-Intervenors' members.

Courts routinely grant intervention in such cases because "[t]he interests of government and the private sector may diverge," and "[t]he priorities of the defending government agencies are not" the same as the priorities of the private, regulated public. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001). Indeed, "'[i]nadequate representation is more likely to be found when the applicant asserts a personal interest that does not belong to the general public.'" *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.,* 630 F.3d 1173 (9th Cir. 2011) (citation omitted). Here, Movant-Intervenors assert their members' personal financial interest in the Final

Rule's extension of the compliance deadlines, an interest distinct from that of the general public, which EPA represents.

Movant-Intervenors' members are part of the regulated community with interests in the 2023 Rule and the Final Rule that are different from EPA's broad public interest. In defending the Final Rule, EPA must balance environmental, administrative, public, and other interests. Thus, EPA's defense of the Final Rule will need to accommodate other policies, procedures, and administrative resource considerations that may be implicated by this case. Movant-Intervenors' interest, however, is narrower and focused on defending the particular deadlines established in the Final Rule that apply to their members. This Court has found intervention appropriate in a similar situation where a company was "concerned primarily with the regulation that affects their industries," and thus, had a narrower interest than that of EPA. *NRDC v. Costle*, 561 F.2d 904, 912–13 (D.C. Cir. 1977) (explaining that "[e]ven when the interests of EPA and [intervenors] can be expected to coincide, . . . that does not necessarily mean that adequacy of representation is ensured").

In addition, Federal Respondents may be constrained from making certain arguments based on federal policy, institutional interests, or litigation strategy. As a result, they may take positions in litigation that do not fully align with Movant-Intervenors' interests. Federal Respondents also cannot adequately represent Movant-Intervenors' interests because of the relationship between EPA, as the federal authority tasked with enforcing the AIM Act and other statutes, and Movant-Intervenors' members, as entities regulated by EPA.

Proposed intervenors ALTA Refrigeration, Inc. and the Coalition for the Use of Safe and Efficient Refrigerants ("Cold Storage Intervenors") also cannot adequately represent Movant-Intervenors' interests. Their interest is limited to the Final Rule's cold-storage provisions. They therefore cannot adequately represent Movant-Intervenors' distinct interests in the supermarket, retail food remote condensing unit, and broader grocery and retail provisions that affect their members.

## CONCLUSION

For the foregoing reasons, this Court should grant the Motion for Leave to Intervene as Respondents in these consolidated petitions for review.

Respectfully submitted,

/s/ Elbert Lin
Elbert Lin
Erika Maley
Erica N. Peterson
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
elin@hunton.com
emaley@hunton.com
epeterson@hunton.com

Matthew Z. Leopold
Aaron Aber
Holland & Knight
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 469-5757
matt.leopold@hklaw.com
aaron.aber@hklaw.com

Matthew W. Morrison
Mark Talty
BAKER BOTTS LLP
700 K Street NW
Washington, DC 20001
(202) 639-7700

matthew.morrison@bakerbotts.
com
mark.talty@bakerbotts.com

*Counsel for Movant-Intervenors*
*Food Marketplace, Inc.,*
*American Frozen Food Institute,*
*National Grocers Association,*
*and Retail Litigation Center*

Dated: July 24, 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(f) and (g), I hereby certify that the foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,618 words, excluding exempted portions, according to the count of Microsoft Word.

I further certify that the motion complies with Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in 14-point Century type.

Respectfully submitted,

/s/ Elbert Lin
Elbert Lin

Dated: July 24, 2026

**ORAL ARGUMENT NOT YET SCHEDULED**

**No. 26-1168 (and consolidated cases)**

---

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

HEATING, AIR CONDITIONING & REFRIGERATION DISTRIBUTORS INTERNATIONAL, et al.,
*Petitioners*,

*v.*

U.S. ENVIRONMENTAL PROTECTION AGENCY AND LEE M. ZELDIN, in his official capacity as ADMINISTRATOR OF THE U.S. ENVIRONMENTAL PROTECTION AGENCY,
*Respondents.*

---

On Petition for Review of Final Agency Action
of the United States Environmental Protection Agency

---

## RULE 26.1 DISCLOSURE STATEMENT OF MOVANT-INTERVENORS FOOD MARKETPLACE, INC., AMERICAN FROZEN FOOD INSTITUTE, NATIONAL GROCERS ASSOCIATION, AND RETAIL LITIGATION CENTER

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Circuit Rules 26.1 and 27(a)(4), Movant-Intervenors make the following declarations:

1. **Food Marketplace, Inc., d/b/a FMI, The Food Industry Association ("FMI"),** consists of members throughout the food industry,

including retailers who sell to customers, producers who supply food, and companies providing support services. FMI does not have a parent corporation and no publicly held corporation has a 10% or greater ownership in it.

2. **American Frozen Food Institute** consists of members of the frozen food and beverage industry, including processors, retailers, and companies providing support services. The American Frozen Food Institute does not have a parent corporation and no publicly held corporation has a 10% or greater ownership in it.

3. **National Grocers Association** consists of independent privately owned grocers and the wholesale-distributors that service them. The National Grocers Association does not have a parent corporation and no publicly held corporation has a 10% or greater ownership in it.

4. **Retail Litigation Center** is a membership-based trade association that serves as the voice of the retail industry in the courts. The Retail Litigation Center does not have a parent corporation and no publicly held corporation has a 10% or greater ownership in it.

Respectfully submitted,

/s/ Elbert Lin
Elbert Lin
Erika Maley
Erica N. Peterson
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
elin@hunton.com
emaley@hunton.com
epeterson@hunton.com

Matthew Z. Leopold
Aaron Aber
Holland & Knight
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 469-5757
matt.leopold@hklaw.com
aaron.aber@hklaw.com

Matthew W. Morrison
Mark Talty
BAKER BOTTS LLP
700 K Street NW
Washington, DC 20001
(202) 639-7700
matthew.morrison@bakerbotts.
com
mark.talty@bakerbotts.com

*Counsel for Movant Intervenors Food Marketplace, Inc., American Frozen Food Institute, National Grocers Association, and Retail Litigation Center*

Dated: July 24, 2026

**ORAL ARGUMENT NOT YET SCHEDULED**

**No. 26-1168 (and consolidated cases)**

---

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

HEATING, AIR CONDITIONING & REFRIGERATION DISTRIBUTORS INTERNATIONAL, et al.,
*Petitioners*,

*v.*

U.S. ENVIRONMENTAL PROTECTION AGENCY AND LEE M. ZELDIN, in his official capacity as ADMINISTRATOR OF THE U.S. ENVIRONMENTAL PROTECTION AGENCY,
*Respondents.*

---

On Petition for Review of Final Agency Action
of the United States Environmental Protection Agency

---

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES**

Pursuant to Circuit Rules 27(a)(4) and 28(a)(1)(A), Movant-Intervenors Food Marketplace, Inc. d/b/a FMI, The Food Industry Association ("FMI"), American Frozen Food Institute ("AFFI"), National Grocers Association ("NGA"), and Retail Litigation Center ("RLC") state as follows:

### A. Parties, Intervenors, and *Amici Curiae*

Petitioners: Petitioners in case number 26-1168 are Heating, Air-Conditioning & Refrigeration Distributors International; Plumbing-Heating-Cooling Contractors—National Association; and Air Conditioning Contractors of America Association, Inc. Petitioners in case number 26-1174 are the Air-Conditioning, Heating, and Refrigeration Institute; and the Alliance for Responsible Atmospheric Policy. Petitioner in case number 26-1188 is the Natural Resources Defense Council. Petitioners in case number 26-1193 are the Commonwealth of Massachusetts, State of California, State of Washington, State of Colorado, District of Columbia, State of Delaware, State of Hawaii, State of Illinois, State of Maine, State of Maryland, State of Michigan, State of Minnesota, State of Nevada, State of New Jersey, State of New York, City of New York, New York State of Oregon, State of Rhode Island, State of Vermont, and State of Wisconsin.

Respondents: Respondents in these consolidated cases are the United States Environmental Protection Agency ("EPA") and Lee Zeldin, in his official capacity as Administrator, EPA.

Intervenors: ALTA Refrigeration, Inc. and the Coalition for the Use of Safe and Efficient Refrigerants filed a Motion for Leave to Intervene as Respondents in case number 26-1168. FMI, AFFI, NGA, and RLC are submitting herewith a Motion for Leave to Intervene as Respondents in the consolidated cases.

*Amici Curiae*: There are no *amici curiae* in this case as of the time of this filing.

**B. Rulings Under Review**

This case involves an EPA final rule titled "Phasedown of Hydrofluorocarbons: Reconsideration of Certain Regulatory Requirements Promulgated Under the Technology Transitions Provisions of the American Innovation and Manufacturing Act of 2020," 91 Fed. Reg. 31,284 (May 26, 2026).

**C. Related Cases**

Other than the consolidated petitions identified above, Movant-Intervenors are not aware of any other petition for review of the EPA action at issue in the present case. Movant-Intervenors' case challenging the 2023 Rule—*Food Marketplace, Inc., et al. v. EPA, et al.*, No. 23-1347 (D.C. Cir. filed Dec. 26, 2023)—is being held in abeyance.

Respectfully submitted,

/s/ Elbert Lin
Elbert Lin
Erika Maley
Erica N. Peterson
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
elin@hunton.com
emaley@hunton.com
epeterson@hunton.com

Matthew Z. Leopold
Aaron Aber
Holland & Knight
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 469-5757
matt.leopold@hklaw.com
aaron.aber@hklaw.com

Matthew W. Morrison
Mark Talty
BAKER BOTTS LLP
700 K Street NW
Washington, DC 20001
(202) 639-7700
matthew.morrison@bakerbotts.
com
mark.talty@bakerbotts.com

*Counsel for Movant-Intervenors*
*Food Marketplace, Inc.,*
*American Frozen Food Institute,*
*National Grocers Association,*
*and Retail Litigation Center*

Dated: July 24, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July 2026, the foregoing Motion for Leave to Intervene as Respondents, Certificate of Compliance, Rule 26.1 Disclosure Statement, and Certificate as to Parties, Rulings, and Related Cases were filed electronically through the Court's CM/ECF system, which will serve all ECF-registered counsel.

/s/ Elbert Lin
Elbert Lin